IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laureen Glaze Washington; Leroy Ernest Glaze, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> Maria Walls, *Beaufort County Treasurer, et al.*, <br><br> Defendants. | Case No. 9:22-cv-1675-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 22) recommending that the Court dismiss Plaintiffs' complaint without prejudice and without issuance and service of process. For the reasons set forth below, the Court adopts the R&R as the order of the Court, dismisses Plaintiffs' complaint without prejudice and without issuance and service of process, and denies Plaintiffs' motion for default judgment. (Dkt. No. 18).

I.  **Background and Relevant Facts**

Plaintiffs Laureen Glaze Washington and Leroy Ernest Glaze, Jr., both proceeding *pro se*, bring this action, appearing to challenge deeds allegedly filed in Beaufort County, South Carolina. (Dkt. No. 22 at 3-4). Plaintiffs appear to bring claims under both South Carolina Law and under the False Claims Act, 31 U.S.C. §§ 3729 to 3733. (*Id.* at 2). Plaintiffs also bring claims on behalf of the Estates of Washington's parents. (*Id.* at 1).

In an Order entered October 27, 2022, Washington was directed to file certain documents (a summons form for Defendant The State of South Carolina and a Form USM-285 for each Defendant listed in the case) to bring her case into proper form. She was also apprised of material

deficits in the Complaint and given time to file an amended complaint. Additionally, to the extent that Plaintiff Washington was attempting to assert claims on behalf of the Estates of her parents, Leroy Ernest Glaze and Ruth Hamilton Glaze, she was directed to apprise this court whether she had been able to obtain counsel for the Estates. (Dkt. No. 7).

On June 1, 2023, Washington filed an amended complaint with Glaze. (Dkt. No. 21).

On June 2, 2023, the Magistrate Judge issued an R&R recommended that the amended complaint be dismissed without prejudice, without further leave to amend, and without issuance and service of process. (Dkt. No. 22).  The R&R also recommend denying Washington's motion for default. (Dkt. No. 18).

Plaintiffs filed objections to the R&R. (Dkt. No. 27).  Plaintiffs generally repeat allegations related to their claims and ask that their motion for default be granted. (*Id.* at 27).  Plaintiffs do, however, lodge a handful of objections to the R&R. Namely, Washington claims that she is not "filing on behalf of her parents but as a pro se litigant" and is not trying to bring claims under South Carolina law but only under Federal law. (*Id.* at 25) (further stating Washington has "no objection" that Defendant Judge Fulp being dismissed).

## II.  Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the Court reviews the R&R *de novo*.

## III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiffs' complaint should be dismissed without prejudice and without service of process. (Dkt. No. 22). Namely, as analyzed in detail in the R&R, Plaintiffs: (1) as pro se litigants, may not assert claims on behalf of their parents' estates; (2) fail to state a claim under the False Claims Act and, as pro se litigants, cannot represent the rights of the United States; (3) fail to state a claim under South Carolina law; (4) cannot "appeal" the results of a ruling from a state court action to this Court; and (5) Judge Fulp is entitled to judicial immunity. Further, while Plaintiffs filed the objections to the R&R noted above, (Dkt. No. 27), none undermine the analysis detailed at length in the R&R and which requires dismissal of this action. Accordingly, Plaintiffs' objections are overruled.

-4-

IV.   **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 22) as the order of Court, **DISMISSES** Plaintiffs' complaint **WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**, and **DENIES** Plaintiff Washington's motion to dismiss/motion for default (Dkt. No. 18).

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Judge

July 5, 2023
Charleston, South Carolina